*In re* Extradition of HERRIS.

*(District Court, D. Minnesota.* November 16, 1887.)

1. EXTRADITION—WARRANT—AGENT OF FOREIGN GOVERNMENT.
    A complaint made before a United States commissioner, upon which a warrant issues for the arrest and extradition of a fugitive from justice, is fatally defective if it does not show on its face that the person making it was an agent or representative of the foreign government.
2. SAME—WARRANT—SANCTION OF EXECUTIVE.
    Under the extradition treaty of 1842, between the United States and Great Britain, the sanction of the executive department of state is necessary, as an initiative step, for the surrender of an alleged fugitive, in order to give the commissioner jurisdiction; and where no mandate has issued showing a requisition duly made upon the executive authority of this government, the extradition will not be granted.

On *Habeas Corpus.*
*Ryan, Fauntleroy & Kerr,* for Herris.
*Dist. Atty. Baxter. contra.*

NELSON, J. There are defects in the proceedings for extradition of John Karl Herris, an alleged fugitive from justice of the province of Ontario, in the dominion of Canada, which entitle the prisoner to a discharge from arrest, for the reason that the commissioner had no jurisdiction to act in the matter.

1. The complaint upon which the commissioner issued a warrant, nowhere on its face shows that the person who made it was an agent or representative of the foreign government.

2. No mandate issued, showing a requisition duly made upon the executive authority of this government, for the surrender.

I have had occasion often to express my views on the questions under consideration; and, until a decision binding on this court is made adverse to my ruling in previous cases, I shall determine, as heretofore, that the sanction of the executive department, as an initiative step for the surrender of an alleged fugitive, is necessary to the jurisdiction of the commissioner. The opinion of the late Mr. Justice NELSON, of the United States supreme court, concurred in by the then Chief Justice TANEY and Mr. Justice DANIEL (see *In re Kaine*, 14 How. 129) commends itself to my judgment as a sound interpretation of the treaty of 1842, between the United States and Great Britain and the law of congress, and I have followed it.

Again, the complaint is made, under oath to the commissioner, by James Wilson Murray, and is in the following words:

"*United States of America, District of Minnesota—ss.:* Before me, W. A. Spencer, a commissioner of the circuit court of the United States in and for said district, and duly authorized by said court to issue warrants for the arrest of fugitives from justice of foreign governments, personally came James Wilson Murray, who, being duly sworn, upon his oath says that one John Karl Herris did, on the thirteenth day of June, A. D. 1887, at the county of Waterloo, in the province of Ontario, in the dominion of Canada, within the jurisdiction and government of said dominion of Canada, and her Britannic Majesty, commit the crime of forgery, that is to say: The said John Karl Herris did, at the time and place aforesaid, unlawfully, wrongfully, and feloniously forge a certain promissory note for eight hundred dollars, ($800,) dated June 13, A. D. 1887, and payable three months after the date thereof, and purporting to have been made by Peter L. Siteweller in favor of J. K. Herris and John Herris, by writing and signing the name of the said Peter L. Siteweller to the said promissory note, with intent to defraud. That the said John Karl Herris is a fugitive from the justice of the said dominion of Canada, and province of Ontario, and the said her Britannic Majesty, and did, on or about June 13, A. D. 1887, flee into the jurisdiction of the United States for the purpose of seeking an asylum, and that the crime with which the said John Karl Herris is charged is one embraced in the treaty of extradition between the United States and her Britannic Majesty, dated August 9, A. D. 1842. J W. MURRAY.

"Subscribed and sworn to before me this twenty-ninth day of September, A. D. 1887. WM. A. SPENCER, United States Commissioner."

It does not appear in this complaint that the deponent was an officer of, or a representative or agent of, the Canadian dominion; nor is there any recital in the warrant that it issued upon the complaint of the duly accredited agent of that government. The complaint at least should purport to be made by an officer or agent of the foreign government.

Prisoner is discharged.